OPINION
On December 28, 1998, appellee, the Stark County Department of Human Services, filed a complaint for permanent custody of Justice Cundiff born October 31, 1996, alleging the child was dependent and neglected. Mother of the child is appellant, Donita Cundiff. Alleged father of the child is Devon Torrence. An adjudicatory hearing was held on February 5, 1999. By decision filed February 8, 1999, the magistrate found the child to be dependent and neglected. Dispositional hearings were held on February 16, 1999 and March 1, 1999. By judgment entry filed April 9, 1999, the trial court awarded permanent custody of the child to appellee. The trial court filed findings of fact and conclusions of law on same date. On April 12, 1999, the trial court filed nunc pro tunc findings of fact and conclusions of law to correct name and case number. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE JUDGEMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH THE APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I
Appellant claims the trial court's decision was against the manifest weight and sufficiency of the evidence. We disagree. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. R.C. 2151.414(B) enables a trial court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child and any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
 (2) The child is abandoned and the parents cannot be located;
 (3) The child is orphaned and there are no relatives of the child who are able to take permanent custody.
R.C. 2151.414(E) requires the presentation of clear and convincing evidence that one or more of the twelve listed factors exist as to each parent before an award of permanent custody can be made. In its nunc pro tunc findings of fact and conclusions of law filed April 12, 1999, the trial court found four of the listed factors to exist:
 1. Following the placement of Justice Cundiff outside his parent's home and notwithstanding reasonable case planning and diligent efforts by SCDHS to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parents have failed repeatedly and continually for a period of six months to substantially remedy the conditions causing the child to be placed outside the home.
 2. The parents have demonstrated a lack of commitment toward the child by failing regularly to support, visit, and communicate with him when able to do so.
 3. The parent is unwilling or unable to provide food, clothing, shelter, and other basic necessities for this child.
 4. The child cannot and/or should not be placed with the parents at this time or in the foreseeable future.
Appellee has been involved with appellant since 1991 and has removed two other children. Appellee took custody of the child sub judice after appellant gave birth to him while in prison. T. at 11-12. Appellant completed a case plan involving this child and the child had been returned to her on September 27, 1997. T. at 13. Appellant's prior case plans centered around her drug abuse. Appellant was unable to provide a residence in Canton so she and the child went to West Virginia to stay with her grandmother and then her aunt. T. at 14. In November of 1998, appellant moved into a homeless shelter. T. at 15. Although appellant did not have any problems per se at the shelter, she was terminated for noncompliance with the rules regarding employment and drinking at the shelter. T. at 63-64. In December of 1998, appellant was charged with disorderly conduct and child endangering because of her disruptive and combative conduct with police while they were trying to give her a ride to wherever she wanted to go. T. at 25-27, 31-32. The police were responding to a call concerning a fight involving appellant. T. at 22. Appellant was holding her child and was acting in a belligerent manner. T. at 25-26. At the time of the permanent custody hearing, there was a warrant out for appellant's arrest. T. at 43. During the course of her present involvement with appellee, appellant did not drop the requested urines or seek evaluation at Quest Recovery services, has missed visitations with the child, has no independent living arrangements and has had five different residences in the past year. T. at 42, 48-49, 72. Admittedly, the case plan sub judice did not focus on reunification because of appellant's failure in previous case plans involving this child and her two other children that had been removed. Based upon appellant's failure to complete the case plan, we find there was clear and convincing evidence to support the trial court's decision to grant permanent custody of the child to appellee. The sole assignment of error is denied. The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
By FARMER, J. HOFFMAN, P.J. and EDWARDS, J. concur.